IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LUKE BRANDON BUSKIRK,            )
                                 )
                    Petitioner,  )
                                 )
          v.                     )          1:25CV693
                                 )
LESLIE COOLEY-DISMUKES,          )
                                 )
                   Respondent.   )

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The petitioner Luke Brandon Buskirk ("Buskirk"), a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket Entry 1. The respondent filed a motion to dismiss, Docket Entry 7, and a supporting brief, Docket Entry 8. Buskirk was notified of his right to file a response, Docket Entry 9; however, no response was filed and the time to do so has expired. This matter is now ripe for disposition. For the reasons set forth below, the Court recommends that this matter be dismissed in its entirety.

## I. Background

On February 1, 2016, Buskirk pled guilty in Rockingham County Superior Court to second-degree murder and robbery with a dangerous weapon. Docket Entry 8, Exs. 1-2. The same day the trial court imposed two active concurrent sentences of 288 months' minimum, 358 months'

maximum for murder; and 64 months' minimum, 89 months' maximum for robbery. *Id.* Buskirk did not pursue a direct appeal. Docket Entry 1, § 8. On June 20, 2025, Buskirk filed a Petition for Writ of Habeas Corpus in the North Carolina Supreme Court. Docket Entry 8, Exs. 3-4. The court denied the petition on June 23, 2025. *Id.*, Ex. 4. He has not filed any other state post-conviction challenges to his conviction. Buskirk then filed the instant federal habeas petition on July 24, 2025. Docket Entry 1.

## II. Grounds for Relief

Buskirk alleges: (1) ineffective assistance of counsel for failure to investigate the facts of the case, (2) ineffective assistance of counsel for failure to object to his questioning, (3) ineffective assistance of counsel for failure to suppress lack of identification, and (4) ineffective

assistance of counsel on all viable grounds. Docket Entry 1, Grounds One-Four. As set forth below, these claims are all time-barred.

### III.    Discussion

The respondent has moved to dismiss the petition on the grounds that it is time-barred by the one-year limitation period 28 U.S.C. § 2244(d)(1) imposes. Docket Entry 8 at 3-4.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on state prisoners seeking habeas corpus review in federal court. 28 U.S.C. § 2244(d)(1). The statute begins to run, as applicable here, from the latest of a series of dates, including: "(A) the date on which the [petitioner's] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" *See also Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir. 2008) (citing the statute).[1]

Here, Buskirk's criminal state court judgment was entered on February 1, 2016. Docket Entry 8, Exs. 1-2. Buskirk did not pursue a direct appeal with the North Carolina Court of Appeals. Docket Entry 1, § 8. Buskirk's conviction thus became final, at the latest, fourteen days later in mid-February of 2016. *See* 28

U.S.C. § 2244(d)(1)(A) (providing that a conviction is final "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *see also* N.C. R. App. P. 4(a) (10 days to serve notice of appeal, amended effective October 18, 2001 to allow 14 days).

Therefore, Buskirk's one-year period of limitation under 28 U.S.C. § 2244(d)(1) commenced in mid-February of 2016 and expired 365 days later in late mid-February of 2017. Buskirk dated and filed his petition in July of 2025. Docket Entry 1. It is more than eight years too late.

Buskirk did make certain state collateral filings, which generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). *See also* 28 U.S.C. § 2244(d)(1)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

---

[1] The record does not reveal any meaningful basis for addressing subparagraphs (B) or (C) of § 2244(d)(1),

and Buskirk has not invoked these subparagraphs.

Here, though, Buskirk did not file any collateral motions in the state courts until 2025, years after the limitations period on filing a federal habeas petition expired. State filings after the limitation period passes do not restart the filing period. *See Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000).

That being said, it is well-settled, that the deadlines set forth in Section 2244(d) are subject to equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2009). "Equitable tolling is appropriate when, but only when, extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (alterations in original) (internal quotations and citations omitted). However, Buskirk has made no such showing here.

In summary, Buskirk's statute of limitation began to run in mid-February of 2016 and expired 365 days later in mid-February of 2017. His state post-conviction proceedings did not entitle him to statutory tolling because they were filed and resolved after the duration of the limitations period. Buskirk did not submit the instant petition until July of 2025, more than eight years after the expiration of the federal habeas deadline. Buskirk does not dispute the foregoing timeline, does not explain why his petition was filed more than one-year after his conviction became final, does not invoke (or appear to be entitled to) statutory or equitable

tolling, and does not assert actual innocence. *See* Docket Entry 1. His petition is time-barred.

Last, the Court notes that Buskirk has attached a supporting memorandum to his petition. Docket Entry 1, Attach. 1. It itemizes his efforts at self-improvement and rehabilitation while incarcerated. *Id.* While these efforts are not relevant to the time-bar analysis, and so do not change the outcome here, the Court commends Buskirk on his efforts at self-improvement.

IV. Conclusion

Because Buskirk's grounds are time-barred, neither a hearing, nor discovery, nor the appointment of counsel are warranted.

3

**IT IS THEREFORE RECOMMENDED** that the respondent's motion to dismiss, Docket Entry 7, be **GRANTED**, that the petition, Docket Entry 1, be **DISMISSED**, that judgment be entered dismissing this action, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 5th day of March, 2026.

_____
JoAnna Gibson McFadden
United States Magistrate Judge